UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY E. HERRARA,             :

    Plaintiff                  :   CIVIL ACTION NO. 3:22-1530

    v.                         :         (JUDGE MANNION)

PA BOARD OF PROBATION           :
AND PAROLE, *et al.*,
                                :
    Defendants

## MEMORANDUM

**I.   Background**

Plaintiff, Jeffrey E. Herrera, an inmate confined at the Lackawanna County Prison, Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983, alleging that he was held in excess of his maximum release date. (Doc. 1). For relief, Plaintiff seeks compensatory and punitive damages. Id.

By Memorandum and Order dated November 9, 2022, this Court conducted an initial screening of Plaintiff's complaint, pursuant to 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. §1915A(a), granted Plaintiff's application for leave to proceed *in forma pauperis* and dismissed the complaint for failure to state a claim upon which relief may be granted. (Docs. 12, 13).

Presently before the Court is Plaintiff's motions for reconsideration of this Court's November 9, 2022 Memorandum and Order. (Docs. 15, 17). For the reasons that follow, the Court will deny the Plaintiff's motions.

## II. Discussion

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence ... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the [c]ourt by the parties or has made an error not of reasoning but of apprehension."

Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." Gray v. Wakefield, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden'."). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

> In dismissing Plaintiff's complaint, the Court found the following:
>
> When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Learner v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). However, when a prisoner challenges either the fact or duration of his confinement, the appropriate remedy is a petition for writ of habeas corpus.

Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and then only if his detention were found to be unlawful.' " Learner, 288 F.3d at 540 (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)).

Given Herrera's allegation regarding his detention past his maximum release date, the Court construes his claim to be one challenging the execution of his sentence. Such a claim by a state prisoner must be brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 and is not cognizable in a complaint brought pursuant to 42 U.S.C. §1983. See Preiser, 411 U.S. at 488-89 (holding that a prisoner challenging the validity of his confinement on federal constitutional grounds must rely on the federal habeas corpus statute, which Congress specifically designed for that purpose, rather than the broad language of §1983); Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) (noting that state prisoners who wish to challenge the execution of their sentence must proceed under §2254).

Furthermore, the claim for money damages cannot proceed. Unless a plaintiff has already successfully challenged his confinement in an appropriate way, a civil rights complaint cannot proceed as long as it calls into question the validity of the confinement. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court clarified the interplay between habeas and civil rights claims. The Heck Court ruled that a section 1983 claim for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87 (footnote omitted).

> Additionally, as the Supreme Court explained in Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original): "a state prisoner's §1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." The Third Circuit summarized the holding of Heck as follows: "where success in a §1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006). In the case at bar, Heck's favorable-termination rule applies because Herrera's complaint calls into question the correct duration of his confinement.
>
> As such, Herrera's complaint fails to state a claim upon which relief may be granted and must be dismissed. To the extent that Plaintiff wishes to challenge the execution of his sentence, he must file a separate petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

(Doc. 12).

Plaintiff claims that he is not challenging his current conviction or sentence, but that "the incident in question where actual injury occurred took place from 03/04/2019 until 11/7/2019 where [he] was held illegally for eighth (8) months over [his] maximum term of imprisonment." (Doc. 18). Specifically, he claims that his maximum term on the sentence he was serving at that time was increased from March 4, 2019 to February 4, 2020, "without fair notice or hearing which did lead to the actual injury of loss of

time, wages, etcetera." Id. He believes that the "actual injury [which] took place from 3/4/2019 until 11/7/2019 was the result of deliberate indifference on the part of agency's personnel of both PA DOC and Pennsylvania Board of Probation and Parole." Id. Plaintiff states that he is "not currently being held pursuant to that matter so [he does] not meet the custody requirement for a habeas corpus" as the "sentence [has been] served in its entirety" and he "maxed out the term on October 7, 2019 instead of February 4, 2020." (Doc. 16). Thus, Plaintiff files the instant action for damages for the seven months he was held being held from March 4, 2019, his original max date, through October 7, 2019, the date he maxed out. (Doc. 1).

    Once again, the Court finds that Plaintiff's claim for money damages cannot proceed. Unless a plaintiff has already successfully challenged his confinement in an appropriate way, a civil rights complaint cannot proceed as long as it calls into question the validity of the confinement. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court clarified the interplay between habeas and civil rights claims. The Heck Court ruled that a section 1983 claim for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87 (footnote omitted).

As the Supreme Court explained in Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original): "a state prisoner's §1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." The Third Circuit summarized the holding of Heck as follows: "where success in a §1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006). In the case at bar, Heck's favorable-termination rule applies because Herrera's complaint calls into question the correct maximum release date of his sentence.

Moreover, even if Plaintiff had challenged the sentence at issue in a properly filed habeas corpus action, his instant civil rights action, challenging

- 7 -

a decision which changed his maximum release date from March 4, 2019 to February 4, 2020 is untimely.

While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in Jones v. Bock, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." The same principle applies to screening complaints under the PLRA. See Whitenight v. Commonwealth of Pennsylvania State Police, 674 F. App'x. 142, 144 (3d Cir. 2017) ("When screening a complaint under §1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required."); Paluch v. Secretary Pennsylvania Dept. of Corrections, 442 F. App'x. 690, 694 n. 2 (3d Cir. 2011) ("Although the statute of limitations applicable to §1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under §1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); McPherson v. United States, 2010 WL 3446879 at *4 (3d Cir. Sept.2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may

*sua sponte* dismiss the complaint pursuant to 28 U.S.C. §1915 or 28 U.S.C. §1915A"); see also Archie v. City of Newark, No. CIV. 12–3657 FSH, 2012 WL 2476229, at *3 (D.N.J. June 27, 2012) (dismissing complaint as time barred under *sua sponte* screening authority).

Under Pennsylvania law, there is a two-year statute of limitations period for personal-injury torts. 42 Pa. Cons. Stat. §5524. Because a §1983 claim is characterized as a personal-injury claim, such claims are governed by the applicable state's statute of limitations for personal-injury claims. See Wallace v. Kato, 549 U.S. 384, 387 (2007); see also Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).

The limitation period begins to run on the accrual date, which is governed by federal law. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). Under federal law, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998); Cetel v. Kirwan Fin. Grp. Inc., 460 F.3d 494, 507 (3d Cir. 2006) (quoting Mathews v. Kidder Peabody & Co., 260 F.3d 239, 252 (3d Cir. 2001)); see also Large v. County of Montgomery, 307 F. Appx. 606, 606 (3d Cir. 2009). "The determination of the time at which a claim accrues is an objective inquiry; [courts] ask not what the plaintiff actually knew but what a reasonable person should have

known." Kach, 589 F.3d at 634. Importantly, accrual is not tied to whether the potential claimant knew or should have known that the injury constitutes a legal wrong. Giles v. City of Philadelphia, 542 F. App'x. 121, 123 (3d Cir. 2013) (citing Sandutch v. Muroski, 684 F.2d 252. 254 (3d Cir. 1982)). Rather, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." Kriss v. Fayette Cty., 827 F. Supp. 2d 477, 484 (W.D. Pa. 2011) aff'd, 504 F. App'x. 182 (3d Cir. 2012). Accordingly, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." Kach, 589 F.3d at 634. Furthermore, "the rule that a cause of action accrues upon discovery of the injury does not require that a plaintiff have identified every party who may be liable on its claim." Graff v. Kohlman, 28 F. App'x. 151, 154 (3d Cir. 2002) (citing New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1125 (3d Cir. 1997)).

Judged by these benchmarks, Plaintiff's allegations against Defendants are plainly time-barred. Plaintiff claims that the "actual injury occurred took place from March 4, 2019 until November 7, 2019" in which his release date was changed from March 4, 2019 to February 4, 2020. Thus, even providing Plaintiff the latest date of February 4, 2020, any challenge to the extension of his sentence would have had to have been filed on or before

February 4, 2022. Plaintiff's instant complaint, filed on September 30, 2022 is untimely by seven months.

"A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017).[1]

Because the statute of limitations defense is apparent on the face of Herrera's complaint and he fails to reveal any ground for equitable tolling of the statute of limitations,[2] Plaintiff's complaint would alternatively be subject to dismissal as legally frivolous pursuant to the Court's screening authority under 28 U.S.C. §1915(e)(2)(B)(i) and §1915A(b)(1).

---

[1] A District Court can raise the issue of the statute of limitations *sua sponte* at the screening stage. See Hunterson v. Disabato, 532 F. App'x 110, 111-12 (3d Cir. 2007) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. §1915A(b)(1) where it is apparent from the complaint that the applicable statute of limitations has run.").

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.' " Omar v. Blackman, 590 Fed.Appx. 162, 166 (3d Cir. 2014) (quoting Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009)).

**III.** **Conclusion**

For the foregoing reasons, the Court finds that its Memorandum and Order of November 9, 2022, is not troubled by manifest errors of law. A Plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge any conviction or sentence. Moreover, to the extent that Plaintiff could present a challenge to his already served sentence, such challenge is untimely. Plaintiff's motion for reconsideration of this Court's November 9, 2022 Memorandum and Order will be denied.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 13, 2022**
22-1530-02