UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY E. HERRARA,** | : |
| Plaintiff | : CIVIL ACTION NO. 3:22-1530 |
| v. | : (JUDGE MANNION) |
| **PA BOARD OF PROBATION AND PAROLE,** *et al.*, | : |
| Defendants | : |

**MEMORANDUM**

**I.   Background**

Plaintiff, Jeffrey E. Herrera, an inmate confined at the Lackawanna County Prison, Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983, alleging that he was held in excess of his maximum release date. (Doc. 1). For relief, Plaintiff seeks compensatory and punitive damages. Id.

By Memorandum and Order dated November 9, 2022, this Court conducted an initial screening of Plaintiff's complaint, pursuant to 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. §1915A(a), granted Plaintiff's application for leave to proceed *in forma pauperis* and dismissed the complaint for failure

to state a claim upon which relief may be granted, finding that Plaintiff's claim for money damages was barred by Heck v. Humphrey, 512 U.S. 477 (1994). (Doc. 12).

On November 22, 2022, Plaintiff filed a motion for reconsideration of this Court's November 9, 2022 Memorandum and Order, which was denied by Memorandum and Order dated December 13, 2022, based on the reasons set forth in this Court's November 9, 2022 Memorandum and Order and the determination that "even if Plaintiff had challenged the sentence at issue in a properly filed habeas corpus action, his instant civil rights action, challenging a decision which changed his maximum release date from March 4, 2019 to February 4, 2020 is untimely." (Docs. 20, 21).

On December 21, 2021, Plaintiff filed a motion for relief from judgment pursuant to Fed.R.Civ.P. Rule 60.[1] (Doc. 24). For the reasons that follow, the Court will deny the Plaintiff's motion.

## II. **Discussion**

Federal Rule of Civil Procedure Rule 60 provides relief from judgment based on the following:

(b) Grounds for Relief from a Final Judgment, Order, or

---

[1] The Court notes that Plaintiff failed to file a brief in support of his motion as is required by M.D. Pa. Local Rule 7.5.

- 2 -

Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"[T]he Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (quoting In re Fine Paper Antitrust Litig., 840 F.2d 188, 194 (3d Cir. 1988)). A party seeking relief under Rule 60(b)(6) must show that without relief "an extreme and unexpected hardship will result." Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

Plaintiff does not indicate his ground for relief under Rule 60, but simply states that "because of either judicial misconduct or disability discrimination or blatant error [his] U.S.C. 1983 was dismissed" by the undersigned. (Doc.

24). Plaintiff again argues that his "attack is on a violation of due process that resulted in [Plaintiff] being held over his maximum term by eighth months" and that "these incident[s] occurred over the course of 2017-2018-2019," and "are part of a criminal/civil conspiracy," which Plaintiff believes can not be challenged in a habeas corpus action. (Doc. 24).

Once again, the Court finds no error in its finding that Plaintiff's claim for money damages is barred by Heck, and that even if the Court addressed Plaintiff's action as filed, the instant civil rights action is barred by the statute of limitations. Thus, Plaintiff's motion to reopen will be denied.

## III. Conclusion

For the foregoing reasons, the Court finds that Plaintiff has not demonstrated any grounds to reopen the above captioned action and his Rule 60 motion will be denied.

A separate Order shall issue.

MALACHY E. MANNION
United States District Judge

DATE: January &, 2023
22-1530-03