UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY E. HERRERA, | : |
| Plaintiff | : CIV. ACTION NO. 3:22-CV-1530 |
| v. | : (JUDGE MANNION) |
| AGENTS OF PENNSYLVANIA BOARD OF PROBATION AND PAROLE, *et al.*, | : : |
| Defendants | : |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, the case will be dismissed with prejudice for plaintiff's failure to prosecute.

**I.  BACKGROUND**

Plaintiff, Jeffrey E. Herrera, filed this case on September 30, 2022, asserting that defendants violated his civil rights by holding him in prison beyond his maximum release date. (Doc. 1). On November 9, 2022, the court dismissed the case with prejudice, finding that it barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Docs. 12-13). The United States Court of Appeals for the Third Circuit vacated this judgment and remanded the case, concluding that the case was not barred by *Heck*, but that Herrera's

complaint may nonetheless be subject to dismissal because it may be untimely. (Doc. 37-1). The court accordingly directed this court to grant Herrera leave to amend his complaint to determine whether equitable tolling of the statute of limitations is warranted. (*Id.*)

Shortly thereafter, plaintiff filed a "petition to equitably toll" the limitations period. (Doc. 40). The court, liberally construing this document as a request to litigate the timeliness and equitable tolling issues through motions practice rather than through an amended complaint, granted the request, reopened the case, and gave plaintiff a deadline to file a legal brief presenting his arguments. (Doc. 41). Plaintiff then filed sixteen motions in the ensuing months complaining about the court's handling of this and various other procedural issues. The court resolved these motions in an omnibus order on December 8, 2025, denying or deeming withdrawn the motions except to the extent they sought leave to amend plaintiff's timeliness arguments. (Doc. 74). The court accordingly required plaintiff to file a single brief presenting his arguments within thirty days. (*Id.*)

On December 17, 2025, the court's order was returned as undeliverable, with a notation indicating that plaintiff had been released from the county prison in which he was previously detained. (Doc. 75). Subsequent searches by the court on the online inmate locators of the

Pennsylvania Department of Corrections and the United States Bureau of Prisons indicate that he is also not in state or federal custody. In light of Herrera's failure to keep the court informed of his current mailing address despite his obligation to do so, (*see* Doc. 4), the court will analyze whether dismissal of the case for Herrera's failure to prosecute is appropriate.

## II.   DISCUSSION

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." Fed. R. Civ. P. 41(b). When determining whether to dismiss a case for failure to prosecute under Rule 41(b), the court must balance the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. Not all of the *Poulis* factors must be satisfied in order for a court to dismiss a complaint. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

The first three *Poulis* factors weigh in favor of dismissing this case. First, because Herrera is proceeding pro se, he is personally responsible for

3

his failure to comply with the court's orders. *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002). Second, his failure to update his address prejudices to defendants by delaying resolution of the case. *Manuel v. Harry*, No. 1:20-CV-2309, 2021 WL 602723, at *2 (M.D. Pa. Feb. 16, 2021). Third, Herrera has shown a history of dilatoriness by failing to update his address. *Id.*

The court finds that the fourth and fifth *Poulis* factors—whether plaintiff's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal—also weigh in favor of dismissal. First, his failure to abide by court orders demonstrates a willful disregard for procedural rules and court directives. Second, because the court does not have a current mailing address for him and thus cannot meaningfully enforce any other sanctions against him at this time, the court is without any viable alternative to dismissal. The sixth and final factor, the meritoriousness of plaintiff's claim, also weighs in favor of dismissal. As noted above, the Third Circuit has concluded that plaintiff's complaint is facially untimely and has remanded for further proceedings to determine whether equitable tolling is necessary. (Doc. 37-1). Herrera has not presented any equitable tolling arguments since the case was remanded. Thus, on the current record, it appears that dismissing the complaint as untimely would likely be appropriate.

4

Upon balancing the *Poulis* factors, the court finds that they weigh heavily in favor of dismissal. In light of plaintiff's failures to comply with court orders, we will dismiss this action with prejudice. *See Hamer v. LivaNova Deutschland GmbH,* 994 F.3d 173, 177 n.3 (3d Cir. 2021) ("District courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order."). However, because the court has not previously given Herrera notice that the case may be dismissed for his failure to prosecute, the court will automatically reopen the case without Herrera having to file a formal notice pursuant to Federal Rules of Civil Procedure 59 or 60 if he updates his address within thirty days of this decision.

### III. CONCLUSION

For the foregoing reasons, the court will dismiss this case with prejudice for plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

Dated: 12/19/25
22-1530-04

5