UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY E. HERRERA,                    :

      Plaintiff              :    CIV. ACTION NO. 3:22-CV-1530

      v.                     :         (JUDGE MANNION)

AGENTS OF PENNSYLVANIA          :
BOARD OF PROBATION
AND PAROLE, *et al.*,            :

      Defendants              :

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, the case will be dismissed with prejudice as untimely.

## I.   BACKGROUND

Plaintiff, Jeffrey E. Herrera, filed this case on September 30, 2022, asserting that defendants violated his civil rights by holding him in prison beyond his maximum release date. (Doc. 1). On November 9, 2022, the court dismissed the case with prejudice, finding that it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Docs. 12-13). The United States Court of Appeals for the Third Circuit vacated this judgment and remanded the case, concluding that the case was not barred by *Heck*, but that Herrera's complaint may nonetheless be subject to dismissal because it may be

untimely. (Doc. 37-1). The court accordingly directed this court to grant Herrera leave to amend his complaint to determine whether equitable tolling of the statute of limitations is warranted. (*Id.*)

Shortly thereafter, Herrera filed a "petition to equitably toll" the limitations period. (Doc. 40). The court, liberally construing this document as a request to litigate the timeliness and equitable tolling issues through motions practice rather than through an amended complaint, granted the request, reopened the case, and gave Herrera a deadline to file a legal brief presenting his arguments. (Doc. 41). Herrera then filed sixteen motions in the ensuing months complaining about the court's handling of this and various other procedural issues. The court resolved these motions in an omnibus order on December 8, 2025, denying or deeming withdrawn the motions except to the extent they sought leave to amend plaintiff's timeliness arguments. (Doc. 74). The court accordingly required Herrera to file a single brief presenting his arguments within thirty days. (*Id.*) This order was subsequently returned to the court as undeliverable, with the court's independent searches indicating that Herrera was no longer in prison.

Based on Herrera's failure to keep the court informed of his current mailing address, the court dismissed the case with prejudice for failure to prosecute on December 19, 2025. (Docs. 76-77). Herrera then filed a motion

2

to reopen the case on January 14, 2026, in which he included an updated mailing address. (Doc. 79). The court granted the motion to reopen on February 9, 2026, and ordered Herrera to file a single brief addressing his arguments as to why his complaint should not be dismissed as untimely within thirty days. (Doc. 81).

Herrera moved for leave to amend his complaint on March 5, 2026. (Doc. 84). The motion contains several arguments for equitable tolling of the limitations period and additionally seeks to add several constitutional claims to his complaint in the event that the court does not dismiss the case as untimely. (*Id.*) Herrera has additionally filed a "petition for writ of mandamus," in which he requests the undersigned's recusal from this case. (Doc. 85).

## II.    DISCUSSION

### A.    Recusal

The court will first address Herrera's request for the undersigned to recuse from this case. Herrera argues that the undersigned must recuse from this case because the court's previous rulings showed a "disregard for law" that "clearly establishes bias or prejudice" against him. (Doc. 85 at 10). Herrera additionally argues that the undersigned is biased against him because (1) the court has not served defendants with process; (2) the undersigned is a "defendant" in the appeal Herrera has previously filed in this

3

case with the United States Court of Appeals for the Third Circuit; and (3) the undersigned has refused to provide free copies to plaintiff of unspecified documents; and (4) the court failed to rule on "over a dozen" motions that he filed between May 2025 and March 2026. (*Id.* at 10-13).

Herrera's recusal arguments are meritless. To begin with, the court's previous dismissal of this case does not show a "disregard for law,"[1] it simply demonstrates a legal error that was vacated by the Third Circuit. Vacating a legal error by a district court is a core function of an appellate court; it does not establish the district court's bias against a party. A party's "displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

The court's decision not to serve defendants with process similarly fails to show that the undersigned must recuse from this case. This case was previously dismissed prior to service of process pursuant to a preliminary screening of Herrera's complaint. District courts are not only allowed to perform such screenings, they are required to by 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A.

---

[1] Herrera does not explain how the undersigned showed a "disregard for law," but the court assumes this is a reference to the previous dismissal of this case that was subsequently vacated by the Third Circuit.

Herrera's remaining arguments for recusal are plainly meritless. Appealing a district court's order to an appellate court does not make the district court a "defendant" to the appeal. Herrera's indigence does not exempt him from having to pay the costs of copying or filing documents. *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009). And the court did not disregard the motions Herrera filed between May 2025 and March 2026: the court ruled on all motions filed prior to March 2026 in its December 19, 2025, and February 9, 2026 orders, (*see* Docs. 77, 81), and is ruling on Herrera's March 2026 motion in the instant opinion and accompanying order.

## B. Timeliness

Civil rights complaints brought by inmates in Pennsylvania are governed by Pennsylvania's two-year statute of limitations for personal injury actions. *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). The limitations period begins to run on the date that the plaintiff knew, or should have known, of the injury upon which the claim is based. *Id.* (citing *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)). A district court may dismiss a complaint as untimely pursuant to a screening review under 28 U.S.C. §1915(e)(2) or 28 U.S.C. §1915A if the untimeliness is clear from the face of the complaint. *McPherson v. United States*, 392 F. App'x

938, 943 (3d Cir. 2010); *see also McGoveran v. Amazon Web Servs., Inc.*, __ F.4th __, No. 24-3215, 2026 WL 1294448, at *3 (3d Cir. May 12, 2026) (noting that complaints may be dismissed at pleading stage on the basis of an affirmative defense if the affirmative defense is plain from the face of the complaint).

Equitable tolling for Section 1983 actions is governed by state law. *Pearson v. Sec'y Dept. of Corrs.*, 775 F.3d 598, 602 (3d Cir. 2015). Pennsylvania law allows a statute of limitations to be equitably tolled "when a party, through no fault of its own, is unable to assert its right in a timely manner." *Nicole B. v. Sch. Dist. of Phila.*, 237 A.3d 986, 995 (Pa. 2020) (citing *DaimlerChrysler Corp. v. Commonwealth*, 885 A.2d 117, 119 n.5 (Pa. Commw. Ct. 2005)). Plaintiffs bear the burden of proof to show that the limitations period should be tolled under Pennsylvania law. *Swietlovich v. Bucks County*, 610 F.2d 1157, 1162 (3d Cir. 1979). A plaintiff must demonstrate that he was diligent in pursuing his claim to benefit from equitable tolling. *Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997).

In this case, it is plain from the face of the complaint that Herrera's claims are untimely. He alleges that he should have been released from prison in March 2019, but was not released until October 2019. (Doc. 1). Thus, he should have filed his complaint, at the latest, by October 2021. He

did not file the complaint until September 2022, nearly a year after this limitations period expired.[2]

The court accordingly turns to Herrera's equitable tolling arguments. Herrera argues that the limitations period should be equitably tolled because he sought to obtain counsel between October 2019 and March 2020 when he was rearrested, but none of the attorneys he spoke with agreed to represent him. (Doc. 85 at 16). He argues that he could not timely file his complaint because he was homeless between October 2019 and March 2020, and did not have access to the internet, a cellphone, or any money. (*Id.* at 17). He additionally notes that he has a mental illness and was unable to get any mental health treatment between October 2019 and March 2020. (*Id.*) Finally, he notes that he has limited education or financial resources and that the COVID-19 pandemic made it difficult to file a lawsuit. (*Id.*)

The court finds Herrera's arguments for equitable tolling unavailing. He provides an explanation of what steps he took to pursue his claims from October 2019 to March 2020, and why he had limited ability to file a lawsuit

---

[2] The Third Circuit recognized this facial untimeliness in its opinion vacating the previous dismissal of this complaint. (*See* Doc. 37-1 ("The face of his complaint suggests that his claims may be time-barred under Pennsylvania's two-year statute of limitations.")). The court remanded the case to this court with instructions to consider whether plaintiff can equitably toll the limitations period.

in that period, but he does not provide any explanation as to why he failed to file a lawsuit after March 2020, other than general assertions of mental illness, lack of education, and limitations imposed by the COVID-19 pandemic. In March 2020, Herrera still had approximately nineteen months in which he could timely file his complaint, and this court takes judicial notice that this district remained open throughout the COVID-19 pandemic and that all district judges in the court continued to conduct court business during the pandemic. Herrera's general allegations of mental illness and lack of education are not sufficient to equitably toll the limitations period, and he has not shown that he diligently pursued his claims in the period after March 2020. Thus, the court will reject his equitable tolling arguments, deny his motion for leave to amend, and dismiss this case with prejudice as untimely.

## III. CONCLUSION

For the foregoing reasons, the court will deny plaintiff's motion for writ of mandamus and motion for leave to amend and dismiss this case with prejudice as untimely. An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

Dated: 3/20/26

22-1530-05

8